IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOM D. NASSIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No.   16-9445 |
| LASALLE EXECUTIVE SEARCH INC., | ) |
| an Illinois corporation, TOD | ) |
| McELHANEY, and BRIAN VIEHLAND, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES Plaintiff, TOM D. NASSIS ("NASSIS"), by and through his attorneys, Donald S. Rothschild and Brian M. Dougherty of Goldstine, Skrodzki, Russian, Nemec and Hoff, Ltd., and for his Complaint against Defendants LASALLE EXECUTIVE SEARCH INC., an Illinois corporation, TOD McELHANEY, and BRIAN VIEHLAND, states as follows:

### PARTIES, JURISDICTION AND VENUE

1.      This action is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, the Portal-to-Portal Act, 29 U.S.C. § 251 *et seq.*, the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.*, and the Chicago Minimum Wage Ordinance, 1-24-010 *et seq.*

2.      Subject matter jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, the Portal-to-Portal Act, 29 U.S.C. § 251 *et seq.*, the Davis Bacon Act, 40 U.S.C. §276a, and for the supplemental Illinois statutory claims pursuant to 28 U.S.C. § 1367.   Venue lies in the Northern District of Illinois pursuant to 28 U.S.C. §1391 since Defendants LASALLE EXECUTIVE SEARCH INC. and TOD McELHANEY are residents of the State of Illinois, a substantial portion of the events giving rise to this claim occurred within

this district and Defendants are subject to this Court's personal jurisdiction due to their activities in this district.

3.      Plaintiff NASSIS was employed by LASALLE EXECUTIVE SEARCH INC. ("LASALLE") as an executive recruiter from October 2015 to May 2016.

4.      Defendant LASALLE provides executive recruiting services to companies. As such, Defendant's services qualify as an enterprise engaged in commerce as defined by the Fair Labor Standards Act. During all relevant times, Defendant was acting directly or indirectly in the interest of an employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer".

5.      Defendant TOD McELHANEY ("McELHANEY"), on information and belief, is one of the owners of LASALLE, and at all times relevant hereto was acting directly or indirectly in the interest of the employer in relation to the Plaintiff and therefore as defined under both the federal and state statutes relied upon, is an "employer". Specifically, McELHANEY hired and supervised employees and set employees' compensation.

6.      Defendant BRIAN VIEHLAND ("VIEHLAND"), on information and belief, is one of the owners of LASALLE, and at all times relevant hereto was acting directly or indirectly in the interest of the employer in relation to the Plaintiff and therefore as defined under both the federal and state statutes relied upon, is an "employer". Specifically, VIEHLAND hired and supervised employees and set employees' compensation.

## COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

7.      NASSIS adopts and incorporates by reference paragraphs 1-6 as if fully restated herein.

8.      NASSIS at all times pertinent to the claims asserted was employed by LASALLE,

said employment being integral and indispensable to LASALLE's business.

9.      NASSIS consistently worked over 40 hours per week, but despite the daily work he performed for LASALLE, NASSIS was not paid any wages whatsoever.

10.      Pursuant to Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.,* and the Portal-to-Portal Act, 29 U.S.C. § 251 *et seq.,* NASSIS is entitled to be paid the minimum wage for the time he worked for LASALLE and compensation at a rate not less than one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours in any week.

11.      Defendants have at all times relevant hereto failed and refused to pay minimum wages and overtime compensation to NASSIS in accordance with applicable law.

12.      In denying NASSIS compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds.

13.      NASSIS is entitled to liquidated damages equal to the amount of unpaid compensation, pursuant to 29 U.S.C. § 260.

WHEREFORE, Plaintiff, TOM D. NASSIS, respectfully request that this Court enter judgment in his favor and against Defendants LASALLE EXECUTIVE SEARCH INC., an Illinois corporation, TOD McELHANEY, and BRIAN VIEHLAND, jointly and severally, for unpaid minimum wages and overtime compensation, liquidated damages, attorney's fees and costs, all other relief authorized under the Fair Labor Standards Act of 1938, and that this Court award all other relief it deems equitable and just.

## COUNT II
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

14.      Paragraphs 1 through 13 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 13 of this Count II.

15.      As described in the foregoing paragraphs, Defendants' compensation policies and

practices are in violation of the Illinois Minimum Wage Law, 820 ILCS § 115/1 *et seq.*

16.    At all of the relevant time at issue herein, the Illinois Minimum Wage Law provides for the payment of minimum wages and overtime compensation.  That law also provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.  820 ILCS 105/12(a).

17.    Defendants' failure to pay compensation as described above, has been willful and/or in bad faith.

WHEREFORE, Plaintiff, TOM D. NASSIS, respectfully request that this Court enter judgment in his favor and against Defendants LASALLE EXECUTIVE SEARCH INC., an Illinois corporation, TOD McELHANEY, and BRIAN VIEHLAND, jointly and severally, for unpaid minimum wages and overtime compensation, 2% of the amount of the underpayments as provided under 820 ILCS 105/12, attorney's fees and costs, and that this Court award all other relief it deems equitable and just.

**COUNT III**
**VIOLATION OF THE CHICAGO MINIMUM WAGE ORDINACE**

18.    Paragraphs 1 through 13 of are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 13 of this Count III.

19.    NASSIS is a "Covered Employee" as defined under the Chicago Minimum Wage Ordinance ("CMWO") since in any two-week period he performed at least two hours of work for LASALLE while physically present in the City of Chicago.

4

20.     LASALLE is an "Employer" as defined under the CMWO since it gainfully employed at least one Covered Employee.  LASALLE maintained a business facility within the geographic boundaries of Chicago.

21.     Effective July 1, 2015, the minimum wage in Chicago was $10.00 per hour.

22.     NASSIS was not paid the minimum wage as required by the CMWO from October 2015 to May 2016.

23.     LASALLE is liable for three times the amount of the underpayment of unpaid wages.  CMWO, 1-24-110.

WHEREFORE, Plaintiff, TOM D. NASSIS, respectfully request that this Court enter judgment in his favor and against Defendant LASALLE EXECUTIVE SEARCH INC., an Illinois corporation, for unpaid minimum wages, three times the amount of the underpayments, attorney's fees and costs, all as provided for under the Chicago Minimum Wage Ordinance, and that this Court award all other relief it deems equitable and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

                                         Respectfully submitted,

                                         TOM D. NASSIS,


                                         By:  /s/ Brian M. Dougherty
                                              One of His Attorneys

Donald S. Rothschild
Brian M. Dougherty
Goldstine, Skrodzki, Russian,
Nemec and Hoff, Ltd.
835 McClintock Drive, Second Floor
Burr Ridge, IL 60527
(630) 655-6000